UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV 16-1805-RGK-KS                                          Date: August 25, 2016

Title   *Woods v. Knipp, Warden*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On August 23, 2016 Petitioner, a California state prisoner proceeding *pro se*, filed a Petition For Writ Of Habeas Corpus By A Person In State Custody ("Petition") pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) According to the Petition, Petitioner was convicted on August 15, 1989 of first degree felony murder with special circumstance/enhancements. (Petition at 2.) The Petition and its attachments, along with the California court records indicate that Petitioner appealed his conviction to the California Court of Appeal on September 11, 1989 (purportedly raising the first two claims contained in his instant Petition, see Petition at 9, 10, 13, 14, though the exact grounds for the appeal are unknown) and the court affirmed the judgment in full on May 13, 1991. *See* Docket For Case No. E007170 at http://appellatecases.courtinfo.ca.gov. Subsequently, on June 24, 1991, Petitioner sought review by the California Supreme Court (again on unclear grounds), which denied review on August 14, 1991. *Id.*; s*ee also People v. Woods*, 1991 Cal. LEXIS 3704 (Cal. Aug. 14, 1991); (Petition at 3.)

Petitioner then sought collateral review in the state courts and filed a petition in California Supreme Court which was denied in case number S186941 on April 20, 2011 with citations to *In re Robbins,* 18 Cal.4th 770, 780 (1998) and *In re Dixon,* 41 Cal.2d 756, 759 (1953).[1] It appears that Petitioner filed another habeas petition on December 3, 2015 in San Bernardino County Superior Court in case number WHCSS 1500301 (*see* Petition at 4) and in the state supreme court, as indicated by summary denials by the California Supreme Court in S232825 on May 18, 2016 and in S235010 on July 20, 2016. *See* Docket For Case Nos. S232825 and S235010 at http://appellatecases.courtinfo.ca.gov. The record before this Court

---

[1] Although the Petition indicates that the first habeas filing in state court was a petition filed on December 3, 2015 in San Bernardino County Superior Court (*see* Petition at 4), the state court dockets suggest earlier collateral filings. *See* Docket For Case No. S186941 at http://appellatecases.courtinfo.ca.gov

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 16-1805-RGK-KS                                              Date: August 25, 2016

Title       *Woods v. Knipp, Warden*

does not indicate the claims raised before the state courts on collateral review, but presumably they contained the remaining claims raised in the instant Petition.

The instant Petition presents four claims for relief: (1) insufficiency of evidence to support a conviction on an aiding and abetting theory, (2) abuse of discretion by the trial court for failure to "sanitize" evidence of a similar prior conviction, (3) ineffective assistance of trial and appellate counsel, and (4) instructional error. (Petition at 8; 9-19)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." The Court has identified a defect in the Petition that suggests that it must be dismissed.

The Antiterrorism Effective Death Penalty Act of 1986 ("AEDPA") imposes a one year statute of limitations on claims challenging state court convictions or sentences. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claims presented could have been discovered through due diligence.

*See* 28 U.S.C. § 2244(d)(1). The limitation period is tolled during the time when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In addition, the gaps between state court denials of habeas petitions and the filing of subsequent state habeas petitions are also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 16-1805-RGK-KS                                              Date: August 25, 2016

Title      *Woods v. Knipp, Warden*

tolled, if the petitions were timey filed. This is commonly referred to as "gap tolling." *See Carey v. Saffold*, 536 U.S. 214 (2002).

Here, Petitioner's conviction became final on November 14, 1991, *i.e.*, 90 days after the California Supreme Court affirmed the judgment of conviction. Therefore, absent tolling, Petitioner was required to file his federal habeas petition no later than November 15, 1991 – that is, within one year after his conviction became final.

Further, even assuming that Petitioner is entitled to statutory (and gap) tolling from the date he first filed a habeas petition in state court (October 1, 2010 – first state habeas petition filed in California Supreme Court) through the date his last state habeas petition was denied (July 20, 2016 – third state habeas petition denied by California Supreme Court),[2] the statute of limitations would have expired on September 2, 1997 – approximately 19 years before Petitioner filed the instant Petition on August 23, 2016.

Although Plaintiff cites ineffective assistance of trial and appellate counsel, "favorable changes in the law" pursuant to the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and that his conviction was a "fundamental miscarriage of justice," (Petition at 6, 37), he has not alleged any extraordinary circumstances that prevented him from timely filing this action. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (a habeas petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary circumstance* stood in his way and prevented timely filing") (emphasis added) (internal quotation marks and citation omitted). Accordingly, the Petition must be dismissed as untimely.

---

[2] *But see Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012) (applications for post-conviction relief are deemed 'pending' for the purposes of statutory gap tolling under AEDPA only during the intervals between the denial of a petition by one court and the filing of a new petition at the next level – that is, the filing of a petition presenting the same claims in a *higher* state court). Moreover, the California Supreme Court's denial of habeas relief on April 20, 2011 with citations to *In re Robbins,* 18 Cal.4th 770, 780 (1998) and *In re Dixon,* 41 Cal.2d 756, 759 (1953) suggest that his state collateral petitions were not properly filed. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (state habeas petition denied as untimely is not "properly filed"). Even if the state court had reached the merits, where, as here, the state court clearly denies a petition as untimely, that is "the end of the matter," and the state court petition is not "properly filed" for purposes of section 2244(d)(2). *Allen v. Siebert*, 552 U.S. 3, 6 (2007); *Carey v. Saffold*, 536 U.S. 214, 226 (2002); *Thorson v. Palmer*, 479 F.3d 643 (9th Cir. 2007) (California Supreme Court's citation to In re Robbins indicated court "clearly rejected" petition as untimely).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 16-1805-RGK-KS                                             Date: August 25, 2016

Title         *Woods v. Knipp, Warden*

     In light of these defects, **Petitioner is ORDERED TO SHOW CAUSE on or before September 26, 2016 why the Petition should not be dismissed** – that is, Petitioner must file, no later than September 26, 2016, a First Amended Petition For Writ Of Habeas Corpus that: includes specific factual allegations demonstrating that *either* the Petition is timely under 28 U.S.C. § 2244(d)(1) *or* Petitioner has been diligently pursuing his rights but an <u>extraordinary circumstance</u> prevented timely filing of the Petition.

     **Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.**

     If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

 

                                                                                            :

                                       **Initials of Preparer**      rh