1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **ARCHIE DOYLE WOODS,** | ) | **NO. EDCV 16-1805-RGK (KS)** |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **ORDER: DISMISSING PETITION** |
| | ) | **WITH PREJUDICE** |
| **W. KNIPP, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**INTRODUCTION**

On August 23, 2016, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition For Writ Of Habeas Corpus By A Person In State Custody ("Petition") pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1.)  On August 25, 2016, the Court ordered Petitioner to show cause why the Petition should not be dismissed as untimely.  (Dkt. No. 5.)  On November 25, 2016, Petitioner filed his response ("OSC Response") to the Court's August 25, 2016 Order to Show Cause.  (Dkt. No. 9.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition

1

without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Habeas Rule 4.  For the reasons set forth below, the Petition must be, and is, DISMISSED as untimely, pursuant to 28 U.S.C. § 2244(d) and Rule 4.

## PRIOR PROCEEDINGS

On August 15, 1989, a San Bernardino County Superior Court jury found Petitioner guilty of two counts of first degree murder (California Penal Code ("Penal Code") § 187(a)) and found true the special circumstance allegations that, *inter alia*, Petitioner was convicted of more than one first degree murder (Penal Code § 190.2(a)(3)).  (Petition at 1, 57-64, 81-82.)[1]  On September 11, 1989, the trial court sentenced Petitioner to two consecutive sentences of life imprisonment without parole.  (Petition at 2, 81-82.)  Petitioner appealed his conviction to the California Court of Appeal on September 11, 1989, which affirmed the trial court's judgment in a reasoned, unpublished decision on May 13, 1991.  (*See* Petition at 4, 81-91); *see also* Docket (Register of Actions), *The People v. Woods*, Case No. E007170 (May 13, 1991), *available at* http://appellatecases.courtinfo.ca.gov.  Petitioner then filed a Petition for Review in the California Supreme Court, which denied the petition on August 14, 1991.  (Petition at 54); *see also* Docket (Register of Actions), *The People v. Woods, Archie Doyle*, Case No.  S021647, *available at* http://appellatecases.courtinfo.ca.gov.

According to Petitioner's filings and the Court's review of the California Appellate Courts website,[2] approximately two decades after the California Supreme Court denied his Petition for Review, Petitioner began filing state habeas petitions.  (*See* Petition at 3-5

---

[1]     For ease of reference, the Court cites to the Petition and its attachments as though they form a single consecutively paginated document.

[2]     Federal courts may take judicial notice of relevant state court records in federal habeas proceedings.  *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Williams v. Jacquez*, No. CV 09-2703 DSF (DTB). 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records).

(identifying Petitioner's earliest filed state habeas petition as a 2015 petition filed in San Bernardino County Superior Court); *see generally* OSC Response (discussing no state habeas petitions); *see also* Appellate Courts Case Information, Search Results – 4th Appellate District Division 2, Search by Case Party Last Name Woods First Name Archie, *available at* http://appellatecases.courtinfo.ca.gov (last visited Dec. 8, 2016) (listing six actions involving Archie Woods and identifying his earliest filed habeas petition as *In re Archie Woods on Habeas Corpus*, Case No. E051168 (filed June 28, 2010)); Appellate Courts Case Information, Search Results – Supreme Court, Search by Case Party Last Name Woods First Name Archie, *available at* http://appellatecases.courtinfo.ca.gov (last visited Dec. 8, 2016) (listing four actions involving Archie Woods and identifying his earliest filed habeas petition as *Woods (Archie Doyle) on H.C.*, Case No. S186941 (filed Oct. 1, 2010)). Petitioner completed the state collateral review process on July 20, 2016, when the California Supreme Court denied his most recently filed state habeas petition. *See* Docket (Register of Actions), *Woods (Archie Doyle) on H.C.*, Case No. S235010 (denied July 20, 2016), *available at* http://appellatecases.courtinfo.ca.gov (last visited Dec. 8, 2016); (*see also* Petition at 47). On August 23, 2016, Petitioner filed the instant Petition.

## DISCUSSION

## I.     The Statute Of Limitations

The Petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). Where, as here, the petitioner's conviction was finalized before AEDPA's enactment, the one-year statute of limitations began to run on April 24, 1996, the date of

3

AEDPA was signed into law. *Id.* at 217; *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1010 (9th Cir. 2009).

However, the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

## II. The Commencement Date

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;

(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or

(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

However, as stated above, if the petitioner's conviction became final before AEDPA's enactment date, a "grace period" applies and the statute of limitations did not begin to run until April 24, 1996. *Wood v. Milyard*, __ U.S. __, 132 S. Ct. 1826, 1831 (2012); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). In this case, Petitioner's conviction became final on November 12, 1991, upon the expiration of 90 days from the California Supreme Court's denial of review on August 14, 1991, and thus predated AEDPA's enactment by several years. *See* Sup. Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that the period of direct review for the purposes of AEDPA's limitation period "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court"). Neither the Petition nor Petitioner's OSC Response proposes an alternative commencement date. Accordingly, the statute of limitations commenced running on April 24, 1996 and, absent tolling, elapsed one year later on April 24, 1997. *See Wood*, 132 S. Ct. at 1831.

Because Petitioner constructively filed his federal petition on August 17, 2016, nearly two decades after April 24, 1997, the Petition is untimely absent sufficient tolling.

**III.    Petitioner Is Not Entitled To Statutory Tolling.**

Section 2244(d)(2) suspends the limitations period not only for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court but also, in appropriate circumstances, "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." *Biggs v. Terhune*, 339 F.3d 1045, 1046 (9th Cir. 2003); *see also Saffold*, 536 U.S. at 218-27 (holding that, for purposes of California's "original" habeas petition system, "pending" covers the time between the denial of a petition in a lower court and the filing, "within a reasonable time," of a "further original state habeas petition in a higher court"). However, when a petitioner waits to initiate his state habeas proceedings until after the federal statute

5

of limitations has lapsed, statutory tolling is not available.  *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("Because [the petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

In this case, the Petition, the OSC Response, and the Court's review of the California Appellate Courts website indicate that Petitioner waited to initiate his state habeas proceedings until more than a decade after the federal statute of limitations had lapsed. Petitioner's earliest filed state habeas petition listed on the California state courts website was filed on June 28, 2010 in the California Court of Appeal for the Fourth Appellate District, Division 2.  *See* Docket (Register of Actions), *In re Archie Woods on Habeas Corpus*, Case No. E051168, *available at* http://appellatecases.courtinfo.ca.gov (last visited Dec. 8, 2016).  Neither the Petition nor Petitioner's OSC Response identifies any habeas petition filed prior to June 28, 2010.  (*See generally* Petition at 3-5 (identifying Petitioner's earliest filed state habeas petition as a 2015 petition in San Bernardino County Superior Court); OSC Response (discussing no state habeas petitions).)  Thus, despite having an opportunity to demonstrate that he commenced state collateral review proceedings prior to the expiration of the statute of limitations, Petitioner has not done so.  Accordingly, Petitioner has failed to establish that he is entitled to statutory tolling.  *See Laws*, 351 F.3d at 922; *see also Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013) (finding that the petition was facially untimely, because the petitioner did not file his state petition until after the limitations period expired).

\\
\\
\\
\\

6

**IV.   Petitioner Is Not Entitled To Equitable Tolling.**

The one-year limitations period established by Section 2244(d)(1) may also be equitably tolled in appropriate circumstances. *Holland*, 560 U.S. at 645-49. However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey*, 556 F.3d at 1011 (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Specifically, a habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 645.

Despite receiving an opportunity to argue that he is entitled to equitable tolling, Petitioner does not suggest that any circumstance, extraordinary or otherwise, prevented him from timely filing the Petition. (*See generally* Petition; OSC Response.) Accordingly, Petitioner has failed to carry his burden of showing that the Petition is entitled to equitable tolling, and in the absence of equitable tolling, the Petition is time-barred.

**V.   Petitioner Has Not Established Actual Innocence.**

In his OSC Response, Petitioner suggests that he is innocent of the double murder for which he was convicted. (OSC Response at 2-3) ("According to *McQuiggin v. Perkins*, actual innocence if proved serves as the gateway through which a petitioner may pass whether the impediment is a procedural bar . . ."). In *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924 (2013), the Supreme Court held that a habeas petitioner's "actual innocence, if proved, serves as a gateway through which [the] petitioner may pass whether the

7

impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *McQuiggin*, 133 S. Ct. at 1928. However, "tenable actual-innocence gateway pleas are rare," and "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* In making this assessment, "the timing of the petition is a factor bearing on the reliability of the evidence purporting to show actual innocence." *Id.* (internal quotation marks and citations omitted).

Petitioner, however, proffers no evidence or explanation to support his intimation of actual innocence (*see generally* OSC Response; Petition) and does not list actual innocence as one of his grounds for federal habeas relief (*see generally* Petition; *see also id.* at 23 (referring summarily to "factual/actual innocence and exceptions to untimeliness")). Petitioner's vague and conclusory references to *McQuiggin* and actual innocence do not make a convincing showing that he is innocent of the crimes of which he was convicted more than a quarter century ago.

For these reasons, Petitioner has failed to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *See McQuiggin*, 133 S. Ct. at 1928. Accordingly, this is not an extraordinary case meriting review of a time-barred Petition under the actual innocence exception to the AEDPA statute of limitations.

\\
\\
\\
\\
\\
\\
\\

8

**CONCLUSION**

For the foregoing reasons, it plainly appears from the Petition that Petitioner is not entitled to relief because the Petition is untimely.  IT IS THEREFORE ORDERED that the Petition is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED: December 15, 2016

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

Karen L. Stevenson
United States Magistrate Judge

9